# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MAXIMIN BRONNER LEVAN,**
**A# 203 056 585,**

    **Petitioner,**

vs.           Case No. 4:17cv230-RH/CAS

**JEFF SESSIONS, et al.,**

    **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case on May 22, 2017, by filing what was titled as an "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." ECF No. 1. The petition was reviewed and, although it was not deemed to be an emergency, *see* ECF No. 3, it was sufficient and service was directed. ECF No. 5. Respondents were given until August 14, 2017, in which to file an answer or other response to the petition, showing good cause why the relief sought by Petitioner should not be granted. Petitioner was given until September 14, 2017, in which to file a reply to the answer or response filed by Respondents. *Id.*

On August 14, 2017, a response was filed, asserting that the petition should be denied "because there is a significant likelihood of removal in the reasonably foreseeable future." ECF No. 11. The response explains that a "formal diplomatic message of demarche was delivered to the government of St. Lucia on July 21, 2017, with a request for a response relating to Petitioner's travel document." ECF No. 11 at 4-5. Based on similar demands, ICE expects a travel document to be issued and Petitioner removed from the United States and returned to St. Lucia within 60 days. *Id.* at 5.

Petitioner, a native and citizen of St. Lucia, ECF No. 1 at 2, filed a reply in which he contends that he is entitled to a bond hearing or immediate release. ECF No. 12 at 1. He argues that he has now spent more time in ICE custody "than the original sentence [imposed]" on his underlying offense which rendered him removable. *Id.* at 2. Petitioner further argues that he was previously released on an order of supervision in 2012 because of "credible threats" on his life and "two of his late uncles who he was closely associated with who were both shot to death." *Id.* Petitioner contends that his communication with the consulate resulted in

being informed that travel documents would not be issued based on the prior credible threats.  *Id.* at 3.

On September 26, 2017, Respondents filed a status report.  ECF No. 13.  The report advised that ICE received a travel document for Petitioner on September 8, 2017.  However, a subsequent status report has been filed which now states that although a travel document was received, Petitioner's flight was canceled "due to complications from Hurricane Irma."  ECF No. 14.  Furthermore, Petitioner was "evacuated to the Cibola County Correctional Center in New Mexico."  *Id.*  Petitioner's travel document expired on September 21, 2017.  *Id.*  Thus, a new travel document must be obtained, but the St. Lucian Consulate "indicated it would issue a new travel document once" a new travel itinerary for Petitioner was set.  *Id.* at 1-2.  "ICE is currently scheduling the [Petitioner's] itinerary and his removal is anticipated to occur within the next 20 days."  *Id.* at 2.

**The Petition**

Petitioner's removal order became final on June 26, 2012.  ECF No. 1 at 2, 5.  Petitioner was in custody for more than six months after the removal order became final when this petition was filed.  He contends that

ICE is unable to remove him to St. Lucia or any other country, that he had "cooperated fully with all efforts by ICE to remove [him] from the United States," and is removal is not likely in the reasonably foreseeable future because the St. Lucian Embassy has not issued travel documents. Id. Petitioner seeks release from his detention pursuant to Zadvydas v. Davis.

**Analysis**

Because Petitioner is not challenging a final order of removal, but only seeking release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition. In Zadvydas, the Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and the issue of whether indefinite detention of a removable alien was authorized.

Immigration law directs that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." 8 U.S.C. § 1231(a)(1)(A). During that 90 day removal period, "aliens must be held in custody." Zadvydas, 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(2)). After the 90-day removal period, the statute permits the Government "to detain an alien who

Case No. 4:17cv230-RH/CAS

still remains here or release that alien under supervision." 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(6)). That statute provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

Petitioner was ordered removed from the United States on April 12, 2012. ECF No. 11 at 2. His appeal was dismissed on June 26, 2012, by the Board of Immigration Appeals. *Id. at 2.* Respondents acknowledge that Petitioner was released on an order of supervision in December 2012. *Id.* Petitioner violated the terms of his release, however, and was "convicted on April 13, 2016, of armed robbery with a weapon and grand theft, for which he was sentenced to 8 months in jail." *Id.* Petitioner was detained by ICE as of July 28, 2016. *Id.*

Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(2). ECF No. 11 at 7. Thus, 8 U.S.C. § 1231(a)(6) permits Petitioner's detention during the presumptively reasonable detention period. However, the Supreme

Court made clear in Zadvydas that continued detention of an alien beyond the mandated 90-day removal period is permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.,* at 699, 121 S.Ct. at 2503. For the sake of uniformity, Zadvydas held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005) (quoting Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505).[1] Accordingly, under Clark and Zadvydas, when an

---

[1] In Clark, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens, holding that the period of time reasonably necessary to effect removal should not be any longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").[2]

Zadvydas established a burden-shifting analysis and, after the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." Id.

In this case, Petitioner met his initial burden under Zadvydas based on his allegations in the petition. ECF No. 1. The burden then shifted to Respondents to rebut that showing and demonstrate there *is* a significant likelihood of removal in the reasonably foreseeable future. Respondents

---

[2] An alien must be detained during the "removal period." 8 U.S.C. § 1231(a)(2).

Case No. 4:17cv230-RH/CAS

have now shown that Petitioner's removal *is likely*. ECF No. 14. A travel document was received for Petitioner in early September and, although that expired and Petitioner's removal could not be carried out due to the hurricane, Respondents have shown that another travel document will be issued and Petitioner's removal is significantly likely. *Id.* Accordingly, Petitioner is not entitled to the relief requested. It is recommended that the petition, ECF No. 1, be denied without prejudice. Should Petitioner not be removed, Petitioner should notify this Court.[3]

**ORDER**

Accordingly, it is **ORDERED:**

1. The Clerk of Court shall forward a copy of this Order to Petitioner at his address of record, and to the address provided by Respondents in the Certificate of Service, ECF No. 14 at 3, showing his current detention location.

---

[3] It would be beneficial for Respondents to file proof of Petitioner's removal, when that occurs. Furthermore, if Petitioner is unable to be removed to St. Lucia due to conditions in that country following either Hurricanes Irma or Maria, Petitioner should file a motion for reconsideration with a detailed explanation.

2. Plaintiff shall immediately file a notice to the Clerk's Office providing his current address. He must file additional notices in the event his address changes due to transfer or release from custody.

## RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed by **Maximin Bronner Levan** pursuant to 28 U.S.C. § 2241, be **DENIED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**